**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**MARILYN LAGO VARELA**,

Plaintiffs,

v.                                                             CIVIL NO.: 26-1526

**UNITED STATES CITIZENSHIP AND**
**IMMIGRATION SERVICES,**
**NATALIA FIGUEROA,** USCIS San Juan, PR Field
Office Director, **SARAH KENDALL**, USCIS Acting
Associate Director of the Field Office Directorate;
**MARKWAYNE MULLIN** Secretary, United States
Department of Homeland Security; **JOSEPH B. EDLOW**,
Director, United States Citizenship and Immigration
Services; **KASH PATEL**, Director of the United States
Federal Bureau of Investigations, **TODD BLANCHE**,
Acting Attorney General of the United States in his
official capacity for the **UNITED STATES OF**
**AMERICA** and its named agencies and officers; and
**HECTOR RAMIREZ-CARBO**, Acting U.S. Attorney for
the District of Puerto Rico,

Defendants.

**COMPLAINT FOR PETITION FOR A WRIT OF MANDAMUS,**
**OR IN THE ALTERNATIVE, REQUEST FOR DECLARATORY JUDGMENT**
**AND OTHER CLAIMS**

**COME NOW** Plaintiff, **MARILYN LAGO VARELA**, by and through undersigned counsel, and

respectfully files this Complaint seeking extraordinary relief against Defendants for their unlawful,

arbitrary, and unreasonable failure to adjudicate her Application to Register Permanent Residence

or Adjust Status (Form I-485), filed pursuant to § 245(a) of the Immigration and Nationality Act

(INA), 8 U.S.C. § 1255(a), and the Cuban Adjustment Act of 1966 (CAA). In support thereof,

Plaintiff alleges, states, and prays as follows:

1. This is an action seeking this Honorable Court's declaratory, injunctive, and mandamus relief from Defendants' failure to adjudicate Plaintiffs' Application to Register Permanent Residence or Adjust Status ("Form I-485").

2. This is an action seeking this Honorable Court's declaratory, injunctive, and mandamus relief from Defendants' failure to adjudicate Plaintiffs' Application to Register Permanent Residence or Adjust Status ("Form I-485") for over two (2) years and two (2) months.

3. Defendants the United States Citizenship and Immigration Services, **MARKWAYNE MULLIN,** Secretary United States Department of Homeland Security,; **JOSEPH B. EDLOW,** Director United States Citizenship and Immigration Services; **SARAH KENDALL,** USCIS Acting Associate Director of the Field Office Directorate; **NATALIA FIGUEROA**, USCIS San Juan, PR Field Office Director United States Citizenship And Immigration Services; **KASH PATEL**, Director of the United States Federal Bureau of Investigations; **TODD BLANCHE**, Acting Attorney General of the United States in his official capacity for the United States of America and its Named Agencies and Officers; and **HECTOR RAMIREZ-CARBO**, Acting U.S. Attorney for the District of Puerto Rico, have the statutory obligation to adjudicate Plaintiff's Application to Register Permanent Residence or Adjust Status ("Form I-485").

4. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, any successor to the named federal officials is automatically substituted as a party.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346(a)(2) in that the subject-matter controversy arises under the Constitution and law of the United States, and the United States is a party Defendant.  This Court also has jurisdiction over

the present action pursuant to 28 U.S.C. §2201, the Declaratory Judgement Act; 5 U.S.C. §702, the Administrative Procedures Act; and 28 U.S.C. §1361, regarding an action to compel an officer of the United States to perform his or her duty.

6. Defendants by law, have the statutory responsibility for administering the immigrations laws pursuant to 6 U.S.C. §251, and routinely do and transact business in the Commonwealth of Puerto Rico.

7. This action arises under the United States Constitution and Immigration and Nationality Act of 1952, 8 U.S.C. §1101 *et seq.* ("INA"), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No 104-208, 110 Stat. 1570.

8. This Court has jurisdiction pursuant to the Mandamus Act, 28 U.S.C. § 1331 (federal question); 28 U.S.C. §1346 (United States Defendant), The Mandamus Act, 28 U.S.C. §1361 (jurisdiction to compel and officer to perform a duty owed to Plaintiff); the Administrative Procedures Act ("APA"), 5 U.S.C. §704 (no other adequate remedy) and 5 U.S.C. §§ 702 and 706(1) (compel agency action unlawfully withheld or unreasonable delayed).

9. Jurisdiction is further proper under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702 and 706(1), which authorize judicial review of agency action unlawfully withheld or unreasonably delayed.

10. Declaratory relief is sought pursuant to 28 U.S.C. § 2201 (creation of remedy) and 28 U.S.C. §2202 (further relief).

**VENUE**

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b); 28 U.S.C. §1391(e)(1) (United States Defendants resides in the district); 28 U.S.C. §1391(e)(2) (the cause of action arose in the district) and 28 U.S.C. §1391 (Plaintiff **Marilyn Lago Varela** resides in the district and no real property is at issue) because the San Juan Filed Office of the United States Citizenship and Immigration Services ("USCIS-SAJ") has jurisdiction to adjudicate Plaintiff's Application for Adjustment of Status.

**PARTIES**

12. Plaintiff **Marilyn Lago Varela** is a national and citizen of Cuba currently residing in the Commonwealth of Puerto Rico.

13. Plaintiff brings this action against Defendant, USCIS as it is the agency responsible for the administration of the INA, 8 U.S.C. §1101 et seq., including but not limited to adjudicating Form I-485. USCIS has the statutory obligation to adjudicates request for immigration applications and benefits and failed to adjudicate Plaintiff's Form I-485. The USCIS is under DHS and thus it will be notified through the office of the General Counsel of the DHS at USCIS Office of Chief Counsel 5900 Capital Gateway Drive, Mail Stop 2120, Camp Springs, MD 20588-0009, email uscis.serviceofprocess@uscis.dhs.gov.

14. Plaintiff brings this action against **MARKWAYNE MULLIN**, in his official capacity as he is the Secretary of the Department of Homeland Security (DHS). In this capacity, he has the responsibility for the administration and enforcement of the immigration laws, including but not limited to, the statutory obligation to adjudicate immigration application, petition and benefits, but failed to adjudicate Plaintiff's Form I-485.  Mr. **MARKWAYNE**

**MULLIN** will be notified through the Office of the Secretary of the US Department of Homeland Security, 2707 Martin Luther King Jr. Avenue SE, Washington DC 20528, and to email address OGC@hq.dhs.gov.

15. Plaintiff brings this action against **JOSEPH B. EDLOW,** in his official capacity as Director of USCIS, an agency of the DHS. In that capacity he is responsible for the administration of United States Citizenship and Immigration Service (USCIS) and the implementation of the immigration laws of the United States, including but not limited to, the statutory obligation to adjudicate applications and requests for immigration benefits, but failed to properly adjudicate Plaintiff's I-485 and instead placed her in removal proceedings. Mr. **JOSEPH B. EDLOW** will be notified through the Office of the General Counsel of the DHS, USCIS, Office of the Chief Counsel USCIS Office of Chief Counsel 5900 Capital Gateway Drive Mail Stop 2120, Camp Springs, MD 20588-0009, and to the email uscis.serviceofprocess@uscis.dhs.gov.

16. Plaintiff brings this action against **SARAH KENDALL,** in her official capacity as USCIS Acting Associate Director of the Field Office Directorate and agency of the DHS. In that capacity she is responsible for the administration of USCIS and the implementation of the immigration laws of the United States, including but not limited to, the statutory obligation to adjudicate applications and requests for immigration benefits, but failed to properly adjudicate Plaintiff's I-485 and instead placed her in removal proceedings. Ms. **SARAH KENDALL** will be notified at USCIS Office of Chief Counsel 5900 Capital Gateway Drive Mail Stop 2120, Camp Springs, MD 20588-0009, to the email to uscis.serviceofprocess@uscis.dhs.gov.

17. Plaintiff brings this action against **NATALIA FIGUEROA**, in her official capacity as USCIS San Juan, PR Field Office Director United States Citizenship and Immigration Services an agency of the DHS. In that capacity she is responsible for the administration of USCIS San Juan Field Office and the implementation of the immigration laws of the United States, including but not limited to, the statutory obligation to adjudicate applications and requests for immigration benefits, but failed to properly adjudicate Plaintiff's I-485. Ms. **NATALIA FIGUEROA** exercises supervisory duties at the San Juan USCIS San Juan Application Support Center. Ms. **NATALIA FIGUEROA** will be notified at her address 273 Plaza, 273 Ponce de Leon Ave. Suite 1205, San Juan PR 00917 and to email natalia.figueroa@uscis.dhs.gov.

18. Plaintiff brings action against **KASH PATEL**, Director of the United States Federal Bureau of Investigations is sued in his official capacity as an independent agency that collaborates and processed and/or should have processed and perform a security background check on Plaintiff's fingerprints that were taken at USCIS Application Support Center in San Juan, PR. Mr. **KASH PATEL** will be notified at her address 935 Pennsylvania Ave. NW, Washington DC 20535.

19. Plaintiff brings action against **TODD BLANCHE** Acting Attorney General of the United States. He is sued in his official capacity and has representative capacity of al of the above-named agencies and officers. The Attorney General has final administrative authority over all immigration judges. Mr. **TODD BLANCHE** will be notified at 950 Pennsylvania Ave. NW, Washington DC 20530-0001.

20. Plaintiff brings action against **HECTOR RAMIREZ-CARBO** Acting U.S. Attorney for the District of Puerto Rico and is sued in his official capacity. He will be notified at his address at 350 Carlos Chardon St., Torre Chardon, Suite 1201, San Juan, PR 00918.

21. Plaintiff brings action against the UNITED STATES OF AMERICA is named pursuant to the Administrative Procedure Act, 5 U.S.C. § 702.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

22. Plaintiff exhausted all administrative remedies available to her, and no further administrative relief exists to USCIS to adjudicate her Form I-485. There is no administrative appeal or procedural mechanism available to challenge USCIS's failure to adjudicate a properly filed adjustment of status application. Plaintiff complied with all statutory and regulatory requirements under INA § 245(a), 8 U.S.C. § 1255(a), and the Cuban Adjustment Act (CAA). She submitted all required documentation, was admitted under the Cuban Humanitarian Parole by the Government under Section 212(d)(5) of the INA, completed biometrics, responded to USCIS Request for Evidence, and paid all required filing fees. Despite full compliance, Defendants failed to adjudicate her application I-485 within a reasonable time. Defendants paused Plaintiff's adjudication of Form I-485 under unlawful pretexts to include her country of birth and she is just but another number in the government's vendetta against immigrants in which her constitutional rights has been violated. Because there is no adequate administrative remedy to address Defendants' unlawful delay, judicial intervention is appropriate under 28 U.S.C. § 1361 and 5 U.S.C. § 706(1).

## STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

23. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

24. Plaintiff is a Cuban native and national born on August 7, 1968. (See Exhibit 1)

25. Prior to her entry into the United States, Plaintiff received authorization from the Department of Homeland Security ("DHS") to travel to the United States under the Cuban parole process. The travel authorization identified Plaintiff by name, date of birth, Alien Registration Number, and Cuban passport number, and reflected that her authorization was approved through May 5, 2023. (See Exhibit 2)

26. On or about April 26, 2023, Marilyn Lago Varela a native and citizen of Cuba was admitted by US Customs and Border Protection (CBP) under the classification of Cuban Humanitarian Parole, under Section 212(d)(5) and assigned admission record number 3316214438A3. (See Exhibit 3)

27. On April 25, 2024, Plaintiff appeared before USCIS authorized civil surgeon Dr. Ramon E. Vidal-Fandino and paid the amount of $435.00 in connection with the Report of Immigration Medical Examination and Vaccination Record" (Form I 693) a sine qua non requirement for USCIS to consider her "Application to Register Permanent Residence or Adjust Status" Form I-485. (See Exhibit 4)

28. On May 15, 2024, Plaintiff properly filed with USCIS Form I-485, Application to Register Permanent Residence or Adjust Status, pursuant to the Cuban Adjustment Act of 1966, Pub. L. No. 89-732, along with Form I-693, Report of Immigration Medical Examination and Vaccination Record, fully complying with all applicable statutory and regulatory requirements, including payment of the $1,440.00 filing fee associated with Form I-485. (See Exhibit 5)

29. Despite Plaintiff's full compliance with all statutory and regulatory requirements, USCIS failed and withheld the adjudication of Form I-485.

30. On March 29, 2025, three hundred eighteen (318) days after USCIS received Plaintiff's I-485 and charged her $1440.00, DHS sent her a "Termination of Parole" notice informing her that her parole would terminate upon the earlier of her original parole expiration date or April 24, 2025. (See Exhibit 6)

31. The notice further informed Plaintiff that, upon termination of her parole, she could be subject to expedited removal pursuant to Section 235 of the Immigration and Nationality Act ("INA") or removal proceedings pursuant to Section 240 of the INA. The same notice included a "Notice of Intent to Revoke Parole-Based Employment Authorization," informing Plaintiff that any unexpired employment authorization granted pursuant to her parole under eligibility category (c)(11) would be revoked as of April 24, 2025, unless she submitted countervailing evidence establishing that she remained paroled into the United States beyond that date. (See Exhibit 6)

32. On December 12, 2025, Defendant performing further affirmative acts of withholding the adjudication of Plaintiff's I-485, issued Policy Memo PM602-0192 establishing a "Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Alien from High-Risk Countries" for the purpose of Effective immediately, this memorandum directs U.S. Citizenship and Immigration Services (USCIS) personnel to:

- Place a hold on all Forms I-589 (application for Asylum and for Withholding of Removal), regardless of the alien's country of nationality, pending a comprehensive review;

- *Place a hold on pending benefits requests for aliens from countries listed in Presidential Proclamation (PP) 10949, Restricting the Entry of Foreign National to Protect the United States of Foreign Terrorists and Other National Security and Public Safety Threats, pending a comprehensive review, regardless of the entry date*; and

- Conduct comprehensive re-review of approved benefit requests for aliens from countries listed in PP 10949 who entered the United States on or after January 20, 2021." (Emphasize provided) (See Exhibit 7)

33. "This guidance outlines the adjudicative hold, procedural requirements, and processes for the review, interview, or re-interview of affected aliens.  USCIS personnel are instructed to prioritize national security and public safety concerns and ensure compliance with all applicable laws and regulations during the adjudication process.  All findings must be documented in accordance with established protocols to support any subsequent determinations or actions."  (See Exhibit 7)

34. As of today, no documented "finding" has been notified to Plaintiff to substantiate or explain the "hold" in the adjudication of Form I-485.

35. To advance its shock strategy and in a new attempt to restructure the INA, quietly just before the Memorial Day weekend, Defendant USCIS issued a Policy Memo entitled "US Citizenship and Immigration Services Will Grant Adjustment of Status' Only in Extraordinary Circumstances" in an attempt to bypass Congress structured process that allows certain individuals in the United States, such as Plaintiff, to become permanent resident of the United States as established in Section 245 of the INA. (See Exhibit 8)

36. "Pew Research Center examined the Department of Homeland Security's (DHS) own data on green card issuances, which showed that the new policy granting U.S. Citizenship and Immigration Services (USCIS) greater authority to ask applicants to return to their home country for processing would affect hundreds of thousands pf people. The analysis of fiscal year 2024 data, the latest available, showed that around 1.36 million green cards were issued,

with around 58 percent going to those already living in the U.S., often relatives of American citizens or individuals in the country on work visas." [1]

37. On June 5, 2026, the United States District Court for the District Court of Rhode Island issued a decision in case 1:26-cv-00132, *Dorcas International Institute of Rhode Island et als vs. USCIS*, determining that "… each of the Challenged Policies that USCIS enacted—the Benefits Hold Policy, the Global Asylum Hold Policy, the Comprehensive Re-Review Policy, and the Country-Specific Factors Policy—are declared unlawful and are vacated and set aside."[2]

38. Plaintiff has complied with every procedural requirement imposed by statute and regulation, yet Defendants have failed to perform their mandatory duty and arbitrarily paused their statutory obligation to adjudicate her I-485.

## FIRST CAUSE OF ACTION

## ISSUANCE OF A WRIT OF MANDAMUS (28 U.S.C. § 1361)

39. Plaintiff repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. Plaintiff seeks issuance of a Writ of Mandamus pursuant to 28 U.S.C. § 1361 compelling Defendants to perform a duty owed to her, namely, the adjudication of her Form I-485, Application to Register Permanent Residence or Adjust Status, filed pursuant to INA § 245(a), 8 U.S.C. § 1255(a).

41. Defendants possess a mandatory, non-discretionary duty to process and adjudicate immigration benefit applications within a reasonable period of time.

---

[1] https://www.pewresearch.org/short-reads/2026/06/02/majority-of-new-green-cards-have-gone-to-immigrants-already-living-in-us/

[2] See Dorcas International Institute of RH v. USCIS, 2026 U.S. Dist. LEXIS 124714 (D.R.I. 2026), at page 153-154.

42. While the ultimate decision to grant or deny adjustment of status may involve discretionary elements, the duty to adjudicate the application is not discretionary.

43. Defendants have unlawfully withheld agency action and have unreasonably delayed adjudication for over two (2) years and two (2) months.

44. Plaintiff has complied with all statutory and regulatory requirements and has no other adequate remedy at law to compel agency action.

45. Defendants' prolonged inaction constitutes a failure to perform a duty owed to Plaintiff.

46. Plaintiff's right to adjudication is clear and indisputable, and the issuance of a Writ of Mandamus is appropriate under the circumstances.

47. Accordingly, Plaintiff respectfully requests that this Honorable Court issue a Writ of Mandamus ordering Defendants to adjudicate her Form I-485 without further delay.

## SECOND CAUSE OF ACTION

## ISSUANCE OF A DECLARATORY JUDGMENT (28 U.S.C. § 2201)

48. Plaintiff repeats and re-alleges paragraphs 1 through 65 as if fully set forth herein.

49. An actual and justiciable controversy exists between Plaintiff and Defendants regarding Defendants' failure to adjudicate Plaintiff's Form I-485 filed pursuant to INA § 245(a), 8 U.S.C. § 1255(a), and the Cuban Adjustment Act.

50. Plaintiff has fully complied with all statutory and regulatory requirements necessary for USCIS to adjudicate her application.

51. Defendants' prolonged and unexplained delay has caused Plaintiff legal uncertainty, exposure to renewed removal proceedings, and ongoing harm.

52. Defendants' failure to adjudicate Plaintiff's Form I-485 constitutes unlawful agency action in violation of the INA and the Administrative Procedure Act.

53. A Declaratory Judgment is appropriate to determine the legal obligations of Defendants and to declare that their delay is unlawful, arbitrary, capricious and/or unreasonable.

54. Such declaration will resolve the present controversy and clarify the rights and legal relations of the parties.

55. Plaintiff respectfully requests that this Court declare that:

   a. Defendants have unlawfully withheld and unreasonably delayed adjudication of Plaintiff's Form I-485;

   b. Defendants placed Plaintiff unnecessarily and capriciously in removal proceedings due to their inaction;

   c. Defendanted are required to request the termination of Plaintiff's removal proceedings to allow USCIS to adjudicate Form I-485;

   d. Defendants are required to adjudicate Form I-485, within thirty (30) days, after the termination or removal proceedings Orders Be issued by the Immigration Court;

   e. Plaintiff has satisfied all statutory conditions precedent to adjudication.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE INA AND IMPLEMENTING REGULATIONS (8 U.S.C. § 1255(a); 8 C.F.R. § 245.2)**

56. Plaintiff repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Plaintiff filed her Form I-485 pursuant to INA § 245(a), 8 U.S.C. § 1255(a), and the Cuban Adjustment Act of 1966.

58. Plaintiff satisfied all statutory and regulatory requirements governing eligibility for adjustment of status.

59. Defendants are charged with administering and enforcing the Immigration and Nationality Act and its implementing regulations, including 8 C.F.R. § 245.2.

60. While the ultimate determination to grant or deny adjustment of status may involve discretionary judgment, neither the INA nor its regulations authorize Defendants to indefinitely withhold adjudication of a properly filed application.

61. The statutory framework contemplates adjudication — not administrative stagnation, manipulation, and dubious mishandling.

62. Defendants' prolonged and unexplained delay contravenes the structure and purpose of INA § 245(a) and frustrates the remedial intent of the Cuban Adjustment Act (CAA).

63. Defendants' refusal to adjudicate Plaintiff's Form I-485 constitutes agency action not in accordance with law.

64. Defendants owe Plaintiff the obligation to process and decide her application within a reasonable period and have unreasonably failed to perform that duty.

65. Accordingly, Plaintiff respectfully requests that this Honorable Court order Defendants to adjudicate her Form I-485 in accordance with the INA and governing regulations.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 706)**

66. Plaintiff repeats and re-alleges paragraphs 1 through 65 as if fully set forth herein.

67. Defendants have violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., in that they have unlawfully withheld and unreasonably delayed agency action to which Plaintiff is entitled.

68. The APA requires that agencies conclude matters presented to them within a reasonable time. (5 U.S.C. § 555(b).

69. Under 5 U.S.C. § 706(1), this Court shall compel agency action unlawfully withheld or unreasonably delayed.

70. Defendants' failure to adjudicate Plaintiff's Form I-485 for over two (2) years and nine (9) months constitutes agency action unlawfully withheld.

71. Defendants' inaction is arbitrary, capricious, an abuse of discretion, and not in accordance with law within the meaning of 5 U.S.C. § 706(2).

72. Plaintiff fully complied with all statutory and regulatory requirements governing her adjustment of status application.

73. Defendants' prolonged and unjustified delay frustrates the statutory scheme established under INA § 245(a) and the Cuban Adjustment Act (CAA).

74. Accordingly, Plaintiff respectfully requests that this Honorable Court issue an Order compelling Defendants to request for termination of her removal proceedings before the Immigration and within thirty (30) days of the issuance of the corresponding Order terminating Plaintiff's removal proceedings, Defendant USCIS will adjudicate her Form I-485 without further delay and grant such additional relief as may be appropriate under the APA.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Accept jurisdiction over this action;

2. Declare that Defendants have unlawfully withheld and unreasonably delayed adjudication of Plaintiff's Form I-485 in violation of 5 U.S.C. § 706(1) and the Immigration and Nationality Act;

3. Declare that Defendants' failure to adjudicate Plaintiff's application is arbitrary, capricious, an abuse of discretion, and not in accordance with law;

4. Issue a Writ of Mandamus pursuant to 28 U.S.C. § 1361 compelling Defendants to adjudicate her Form I-485 after the corresponding interview had been held at USCIS San Juan Field Office without further delay and set a reasonable timeframe for such adjudication;

5. Retain jurisdiction on this matter to ensure compliance with the Court's Order;

6. Award Plaintiff reasonable attorney's fees and costs pursuant to applicable law, including the Equal Access to Justice Act, if appropriate;

7. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

In San Juan, Puerto Rico on this 12th  day of August 2026.


MARIA DEL ROSARIO GARCIA MIRANDA
Attorney for Plaintiff
PO Box 10365
San Juan, PR 00922
Tel: (787) 977-2323
Mobile: (787) 234-3065
Email: charitogarcia@hotmail.com

BY: /s/ Maria del R. Garcia Miranda
PR USDC Bar No. 304709